**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL CASE NO. |
| | : | 1:14-CR-00228-AT-AJB |
| | : | |
| JAMES BLOCKER | : | |

## MOTION TO SUPPRESS EVIDENCE

COMES NOW Defendant James Blocker, by and through undersigned counsel of record, and hereby moves the Court to suppress all evidence seized during the search of his residence.  In support of this Motion, Defendant states as follows:

On August 22, 2012, a search of Defendant's residence at 4009 Martha Lane, Rowlett, Texas was conducted pursuant to a search warrant.  During the night, armed officers and agents executed the search warrant without warning and seized various items allegedly described in the search warrant.   Defendant respectfully moves that the Court suppress the statements made by Defendant at the residence for the following reasons:

### I. Insufficient Evidence of a Crime

On August 20, 2012, United States District Judge Judge Irma C. Ramirez signed the search warrant for Defendant's residence based on FBI Special Agent

Clyde Ellis, Jr's affidavit.  This affidavit described the investigation of Nicholas

Narbone and his "Applanet" electronic service, which was suspected to be sharing

copyrighted works in violation of 17 U.S.C. § 506 and 18 U.S.C. § 2319

(infringement of a copyright), and 17 U.S.C. §§ 1201, 1204 (unauthorized

circumvention of digital access controls).

The affidavit failed to provide sufficient information to support a finding of

probable cause that the statutes in question were being violated.  The affidavit

described advertising by Appbucket that may have seemed suspicious, but failed to

establish (1) that any copyrighted works had been stripped of digital access controls,

or (2) that the developers of any copyrighted works were not actually compensated

fairly by Appbucket.

According to the affidavit, an agent attempted to subscribe to Appbucket but

was unsuccessful over the course of two days "due to technical difficulties."[1]  With

the assistance of "Andy from Appbucket," agents gained access to the service and

downloaded numerous applications, but did not investigate whether the owners of

those works had authorized their availability through Appbucket nor whether they

had actually been compensated.[2]  The affidavit failed to mention a single specific

copyrighted work that was available through Appbucket and unauthorized by its

---

[1] See Search Warrant Affidavit at 8.
[2] Id. at 7-10

owner or stripped of digital access controls.  Absent that information, the affidavit merely established that copyrighted works were available through Appbucket, but does not establish that copyright laws had been violated or that there was probable cause to believe that evidence of a crime would be present at Defendant's residence.

## II. No Probable Cause Regarding Defendant's Residence

The search warrant affidavit also failed to establish a likelihood that Defendant's residence would contain evidence of a crime.  Agents determined that Nicolas Narbone was operating Appbucket and that Defendant was an authorized user who accessed the Appbucket server.  However, accessing the server is insufficient to establish any likelihood that Defendant's residence contained evidence of a crime, or that Defendant was in possession of any works in violation of copyright laws.

## III. Insufficient Documentation of Items Seized

Federal agents seized various electronic devices and electronic data storage devices during the search of Defendant's residence, but failed to properly document and identify those items.  These included several hard drives and a laptop that were only described in very general terms such as "digital media," rather than recording any serial number or other identifying information for each device.  Indeed, agents properly recorded serial numbers of devices seized from other suspects, but did not

do so with Defendant's belongings.  Federal Rule of Evidence 901 requires

authentication or identification of items by presentation of evidence sufficient to

conclude that the item is what the proponent says it is.  In this case, the agents cannot

properly establish that any electronic storage device is the same device as was seized

from Defendant's residence because of the vague, general terminology used to

describe each item.  Thus, any evidence derived from those items should be

suppressed.

WHEREFORE, Defendant respectfully moves that the Court suppress any

evidence obtained during the search of Defendant's residence, and any evidence

derived therefrom as fruit of the poisonous tree.

Respectfully submitted, this the 4th day of February, 2015.


CHASTINE DEFENSE FIRM, LLC

By: ___/s/ Kevin A. Chastine_____
Kevin A. Chastine
Georgia Bar No. 120203

1800 Peachtree St. NW
Suite 300
Atlanta, GA 30309
Kevin@CDFLegal.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

UNITED STATES OF AMERICA    :

                                    :

v.                                  :        CRIMINAL CASE NO.

                                    :        1:14-CR-00228-AT-AJB

                                    :

JAMES BLOCKER                :

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing Motion to

Suppress Evidence, this day, upon the following, by the federal electronic filing

system delivery:

Christopher Bly, Esq.
United States Attorney's Office
Northern District of Georgia
75 Spring Street, S.W., 6th Floor
Atlanta, GA 30303

This the 4th day of February, 2015.

CHASTINE DEFENSE FIRM, LLC

By:   /s/ Kevin A. Chastine
Kevin A. Chastine
Georgia Bar No. 120203

1800 Peachtree St. NW
Suite 300
Atlanta, GA 30309