IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | CRIMINAL ACTION NO. |
| v. : | 1:14-cr-0228-AT |
| JAMES BLOCKER, : | |
| Defendant. : | |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 51], recommending the denial of the Defendant's pending motion to suppress statements [Doc. 36] and motion to suppress evidence [Doc. 37].

The Defendant filed objections to the R&R [Doc. 56]. A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objected on substantive grounds to the Magistrate Judge's findings, analysis and conclusions in his Report. Accordingly, the Court has reviewed the record and pending motions in this case on a de novo basis. After an independent de novo review of

the record, the Court finds that the Magistrate Judge's factual and legal analysis in the R&R as well as recommendation that Defendants' motions be denied are correct.

While Defendant poses some legitimate questions regarding the existence of probable cause to support issuance of the warrant in this case, the Court agrees with the Magistrate Judge's bottom line analysis that the facts set forth in the FBI Agent's affidavit "when viewed in the totality of the circumstances, demonstrate that the issuing judge had a substantial basis for concluding that probable cause existed," particularly in light of "the Supreme Court's admonition that in marginal or close cases, the warrant is to be upheld."  (R&R at 24-25.) Accordingly, the Court adopts the Magistrate Judge's findings and recommendations in connection with Defendant's motion to suppress evidence [Doc. 37].

As to Defendant's motion to suppress statements [Doc. 36], the Court recognizes the orchestrated and intimidating effects of the FBI Agents' mode of execution of the warrant and questioning of the Defendant at his home and does not minimize its consideration of these effects.  Nevertheless, Mr. Blocker never asked the agents to leave his home, to terminate the interview, or indicated he wanted to talk to a lawyer. The agents' interview of Mr. Blocker proceeded generally smoothly and calmly, though its length is of some concern.  Whatever frustration and anxiety that Mr. Blocker expressed about the interview was also

relatively quite confined. In sum, the R&R carefully reviewed all the factual circumstances bearing on whether Mr. Blocker was subjected to a custodial interrogation or provided his statement on an involuntary basis, under prevailing Eleventh Circuit standards. Magistrate Judge Baverman correctly set forth and analyzed the evidence and concluded that the Defendant was not subjected to a custodial interrogation and moreover, voluntarily provided his statement. Accordingly, the Court adopts the R&R findings and recommendations as to the Defendant's motion to suppress statements [Doc. 36].

For the foregoing reasons, the Co **OVERRULES** Defendant's objections [Doc. 56], **ADOPTS** the Magistrate Judge's R&R [Doc. 51], and **DENIES** Defendant's Motions [Docs. 36, 37].

Trial in this action is set to commence on Monday, August 8, 2016, at 9:30 AM in Courtroom 2308. The pretrial conference is set for Monday, August 1, 2016, at 2:30 PM in Courtroom 2308. By Monday, July 11, 2016, the parties are to file their proposed voir dire questions and any motions in limine. By Monday, July 11, 2016, the Government is to file a brief summary of the indictment for use during voir dire. Any objections/responses to the items listed above must be filed by Monday, July 25, 2016.

So **ORDERED** this 14th day of June, 2016.

_____
Amy Totenberg
United States District Judge