UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA         Case No.   1:14-cr-0228-AT

-vs-

James Blocker                    Defendant's Attorney:
                                 Kevin Chastine

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 371 | Conspiracy to Commit Copyright Infringement | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.     XXX-XX-4530        Date of Imposition of Sentence: March 15, 2018
Defendant's Date of Birth:    1978
Defendant's Mailing Address:  4009 Martha Lane
                              Rowlett, Texas 75088

Signed this the 20th day of March, 2018.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

1:14-cr-0228: James Blocker                                                                Page 2 of 4

## PROBATION

The defendant is hereby placed on probation for a term of **24 MONTHS.**

For the first 10 months of this probation, the defendant shall reside at the Volunteers of America halfway house in Dallas, TX, subject to any availability issues the facility may currently have. The defendant is authorized to work in his current employment while residing at the halfway house. The defendant is also authorized to visit his minor son while residing at the halfway house. The Probation Officer shall set the date for the defendant to report to the halfway house.

For the following 10 months of this probation, the defendant shall participate in a home confinement detention program. While on home confinement, the defendant is authorized to work full-time, participate in his child's school activities and school appointments, attend family gatherings, attend religious services, attend medical appointments for himself, his child, and his elderly parents, to participate in self-care needs such as grocery shopping, to complete his community service requirement, and other activities as authorized by the Probation Officer. While on home confinement, the defendant shall perform 75 hours of community service under the guidance and supervision of the U.S. Probation Officer.

Upon release from home confinement, the defendant shall have 4 months of non-reporting probation.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

> ☐ the above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if appropriate.)

The defendant shall not possess a firearm as defined in 18 USC § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the attached page). The defendant shall also comply with the additional conditions set forth below.

1:14-cr-0228: James Blocker                                                Page 3 of 4

## SPECIAL CONDITIONS OF SUPERVISION

Pursuant to 42 U.S.C. § 14135a(d)(1) and 10 U.S.C. § 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall submit his person, property, house, office, residence, vehicle, papers, computer (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communication or data storage devices or media, and effects, to search conducted by a U.S. Probation Officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition. The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

The defendant shall not illegally possess a controlled substance.

The defendant shall complete a drug/alcohol evaluation and complete any recommended treatment, under the guidance and supervision of the United States Probation Officer.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

1:14-cr-0228: James Blocker                                                                 Page 4 of 4

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.